IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CASSANDRA PORTER

VS.                                            CIVIL ACTION NO. 2:08CV8-MPM-DAS

ADVANCE AMERICA, CASH ADVANCE
CENTERS OF MISSISSIPPI, LLC

## ORDER

This matter is before the court on motion of the defendant to set aside the clerk's entry of

default (# 50).  Also before the court is the defendant's motion for reconsideration of an order

entered denying a motion for an extension of time (# 60).  After considering both motions and

the responses thereto, the court finds as follows:

### Motion to Set Aside Clerk's Entry of Default

The plaintiff filed the present action on January 10, 2008 against Advance America, Cash

Advance Centers, Inc.  On August 11, 2008, the plaintiff moved to file an amended complaint,

naming Advance America, Cash Advance Centers of Mississippi, LLC as a defendant.  On

November 3, 2008, this court granted the motion for leave to file an amended complaint, and the

defendant appealed.  On March 25, 2009, the district judge dismissed the defendant's appeal as

moot because the movant – Advance America, Cash Advance Centers, Inc. – had by then been

dismissed.  On April 13, the plaintiff moved for the clerk's entry of default against Advance

America, Cash Advance Centers of Mississippi, LLC, arguing it served the defendant on

November 26, 2008, and no answer had been filed.  On April 15, the clerk entered a default, and

the defendant moved to set aside that default the next day.

Under Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, a district court may

set aside an entry of default or default judgment for "good cause."  While good cause is difficult

to define, it is clear that courts have applied a more lenient standard when asked to set aside a clerk's entry of default rather than a judgment of default. *See, e.g., Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783-84 (8th Cir. 1998); *EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 528 (11th Cir. 1990). The present motion is to set aside a default entered by the clerk of the court. To determine whether good cause exists – a decision necessarily informed by equitable principles – courts have considered three factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2001). In considering these three factors, the court is cognizant of the seriousness of default. The Fifth Circuit has held that "federal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored by the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Lacy*, 227 F.3d at 291-92 (quoting *Mason & Hanger – Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)).

After considering the factors listed in *Lacy,* the court finds that the present motion to set aside the default should be granted. First, there is no evidence to indicate that the defendant's default was willful; in fact, there is evidence to the contrary. Defense counsel has appeared in the present action and filed a motion to dismiss the first-named defendant, Advance America, Cash Advance Centers, Inc., which was granted as a motion for summary judgment. Prior to that decision as mentioned *supra*, defense counsel filed the appeal of the magistrate judge's decision, arguing essentially that Advance America, Cash Advance Centers of Mississippi, LLC should be dismissed as well. Because that motion was filed on behalf of Advance America, Cash Advance Centers, Inc. and that entity was dismissed, the issue concerning Advance America, Cash Advance Centers of Mississippi, LLC has yet to be addressed. However, the court is confident

counsel plans to argue that issue in a subsequent motion. These facts clearly support setting aside the default.

Next, the court looks to determine whether the plaintiff will be prejudiced by granting the present motion. In his response, the plaintiff states that he will be prejudiced should the court grant the motion. However, trial in the present matter is not set to begin until June 7, 2010, over one year from today. This is clearly enough time to prepare against Advance America, Cash Advance Centers of Mississippi, LLC. The discovery deadline is November 18, 2009, over five months away. Moreover, the docket shows initial disclosures have already been exchanged. Because the plaintiff will not be prejudiced if the court grants the motion to set aside the default, this factor also weighs in favor of the movant.

The third factor for the court to consider is whether a meritorious defense has been presented. As mentioned, the defendant presented a defense in his appeal of the magistrate judge's decision that allowed the amended complaint. While the court has no opinion as to whether the defendant will prevail, of course, the defense is clearly not frivolous, and thus, the third factor weighs in favor of the movant. Accordingly, the court finds the defendant's motion to set aside the default should be granted.

## Motion for Reconsideration

With its second motion, the defendant asks the court to reconsider its order denying the defendant's motion for additional time to file its answer or otherwise plead. On May 14, 2009, this court denied the defendant's motion for time because Advance America, Cash Advance Centers, Inc. filed the motion. The court explained that Advance America, Cash Advance Centers, Inc. had been dismissed and was thus without standing to file the motion. In its motion to reconsider, the defendant explains that it filed the motion as Advance America, Cash Advance

Centers, Inc. because of a typographical error and because the electronic filing system did not provide a clear way to file as Advance America, Cash Advance Centers of Mississippi, LLC.

In response to the motion to reconsider, the plaintiff contends the motion should be denied because it is a motion to reconsider a motion filed by a party without standing. While the court appreciates the plaintiff's technical reading of the motion, the court is going to grant the motion, albeit as a motion for additional time. The present action has been plagued with tedious arguments over which defendant – Advance America, Cash Advance Centers, Inc. or Advance America, Cash Advance Centers of Mississippi, LLC – was to respond, or file, or move, etc. It is now clear that Advance America, Cash Advance Centers of Mississippi, LLC is the named defendant. Any further motions will be filed under the proper name. Should defense counsel have difficulty filing under the proper entity, counsel is directed to contact the clerk's office and seek direction.

Because the court will treat the motion for reconsideration as one for additional time, the court finds the motion should be granted. The defendant shall answer or otherwise respond to the amended complaint within the time contemplated by the federal rules of civil procedure.

IT IS, THEREFORE, ORDERED that the defendant's motion to set aside the clerk's entry of default (# 50) is hereby GRANTED.

IT IS FURTHER ORDERED that the defendant's motion for reconsideration ((#60) of an order (#57) entered denying a motion for an extension of time (#48) is hereby GRANTED, and efendant shall answer or other respond to the amended complaint as directed.

SO ORDERED, this the 4th day of June 2009.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE